■　In the Matter of the Claim of FLORENCE D. WILNER, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 25, 1980. Claimant was employed as a secretary by a nursing home. She requested and received a six-month leave of absence to begin after her vacation and to end on February 12, 1979. On December 4, 1978, claimant sought to return to her employment and was told that a written notice had to be submitted four weeks before she could return. She submitted the required notice and returned to work on January 2, 1979. On December 6, 1978, claimant filed a claim for unemployment insurance benefits seeking benefits for the period from December 4, 1978 to January 2, 1979. In a decision filed February 25, 1980, the board rescinded an earlier board decision filed September 19, 1979, and disqualified claimant from receiving benefits effective December 6, 1978 on the ground that she voluntarily left her employment without good cause.

The board premised this decision on its finding that claimant severed her employment relationship on December 6, 1978 when she filed her claim for unemployment insurance benefits. There must be a reversal. In our view, the filing for unemployment insurance benefits while on a leave of absence does not constitute a voluntary leaving of employment. Respondent does not urge as the basis for affirmance the rationale utilized by the board, but instead, argues that claimant's unemployment was the result of a voluntary separation from employment without good cause, dating from the time claimant began her vacation and thereafter her six-month leave of absence. In its decision filed September 19, 1979, the board did so conclude. That decision was rescinded by the board, however, and this specific issue has not been argued by claimant on this appeal, presumably because the September 19, 1979 decision was rescinded. Consequently, we do not deem it proper to determine this issue on the present appeal and conclude that the matter must be remitted to the board for further proceedings. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Main and Herlihy, JJ., concur.